**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

TOJO FINANCIAL, LLC,

Plaintiff,

v.

PROGRESSIVE MEDICAL, INC., a Missouri corporation,

Defendant.

CASE NO.: 21-60569-CIV-DIMITROULEAS

**DEFENDANT PROGRESSIVE MEDICAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Progressive Medical, Inc. ("Progressive Medical"), by and through its attorneys, and for its Answer to Plaintiff's Complaint states as follows:

**AS TO ALL COUNTS**

1. With respect to the allegations contained in paragraph 1 of the Complaint, Defendant admits that, pursuant to its Complaint, Plaintiff is seeking in excess of $30,000. Defendant denies that Plaintiff is entitled to any of the relief sought in its Complaint or otherwise.

2. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits that it is a Missouri corporation. Defendant states that the remaining conclusions in paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant states that the invoices referenced in paragraph 6 of the Complaint speak for themselves and Defendant denies any allegation inconsistent therewith. Defendant further denies that it owes any amounts pursuant to said invoices.

7. With respect to the allegations contained in paragraph 7 of the Complaint, Defendant states that the Agreement (the "Agreement") speaks for itself and denies any allegations inconsistent therewith.

8. With respect to the allegations contained in paragraph 8 of the Complaint, Defendant states that the Agreement speaks for itself and denies any allegations inconsistent therewith.

9. With respect to the allegations contained in paragraph 9 of the Complaint, Defendant states that the referenced invoices speak for themselves and Defendant denies any allegations inconsistent therewith. Defendant further denies that it owes any amounts pursuant to said invoices.

10. With respect to the allegations contained in paragraph 10 of the Complaint, Defendant states that the referenced purchase orders, acknowledgments, packing slips and invoices speak for themselves and Defendant denies any allegations inconsistent therewith. Defendant further denies that it owes any amounts pursuant to said referenced purchase orders, acknowledgments, packing slips and invoices.

11. With respect to the allegations contained in paragraph 11 of the Complaint, Defendant states that the invoices speak for themselves and Defendant denies any allegations inconsistent therewith. Defendant further denies that it owes any amounts pursuant to said invoices.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint. Defendant further denies that Plaintiff is entitled to any costs, interest or attorneys' fees. Defendant further states that pursuant to the Agreement, Defendant is entitled to its fees and costs related to this action.

14. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 15 of the Complaint and therefore denies the allegations contained in paragraph 15 of the Complaint. In further response, Defendant denies receiving any notice of this alleged purchase, assignment and/or transaction.

16. Defendant states that the allegation contained in paragraph 16 of the Complaint constitutes a legal conclusion and denies the allegations contained in paragraph 16 of the Complaint. In further response, Defendant denies receiving any notice of this alleged purchase, assignment and/or transaction.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint. Defendant further states that pursuant to the Agreement, Defendant is entitled to its fees and costs related to this action.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

With respect to the paragraph following paragraph 19 of the Complaint, Defendant denies that Plaintiff is entitled to any relief. Moreover, Defendant further states that pursuant to the Agreement, Defendant is entitled to its fees and costs related to this action.

20. Defendant denies all allegations not expressly admitted.

WHEREFORE, Defendant Progressive Medical, Inc. having fully answered Plaintiff's Complaint, prays to have the Complaint dismissed, for its costs and attorneys' fees as prevailing party under Section 12.7 of the Exclusive Distributorship Agreement, and for such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Wherefore, having answered the Plaintiff's Complaint, Defendant raises the following defenses, including affirmative defenses.

### First Affirmative Defense

1. Defendant states that the claim set forth in the Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Defendant states that Plaintiff lacks standing to bring the claim asserted in the Complaint as Plaintiff is not a party to, in privity with, or otherwise a beneficiary of the Agreement such that it may bring a claim for breach of the Agreement.

### Third Affirmative Defense

3. Plaintiff's claim is barred in whole or in part because Defendant is entitled to set-off any amount of liability assessed against it in this action because the party with whom Defendant contracted, Genicon, Inc. (and any purported assignees or successors), owes substantial sums to Defendant for Genicon's material breaches of the Agreement and failure to properly fulfill

purchase orders. By way of example, Genicon owes amounts due to open credit memoranda. Further, Genicon is in default of its obligations to pay Defendant for funds paid to Genicon by a customer of Defendant which Genicon was holding for the benefit of Defendant. Those funds – which did and do not belong to Genicon – remain due and owing to Defendant and Genicon is wrongfully withholding those amounts. Additionally, Genicon owes Plaintiff a significant sum for products manufactured by Genicon that were either recalled, defective and/or returned. The amounts due and owing to Defendant exceed the amount claimed in this lawsuit.

**Fourth Affirmative Defense**

4. Defendant states that in the event that Plaintiff did suffer any loss, injury, or damage from the claims alleged in the Complaint, Defendant states that Plaintiff (as well as its purported assignors or predecessors in interest) has failed to mitigate its damages, if any, by failing to perform its duties and obligations under the Agreement.

**Fifth Affirmative Defense**

5. Defendant states that Plaintiff's claims are barred because it (or its purported assignors or predecessors in interest) failed to satisfy all conditions precedent to pursuing the claim in its Complaint, including, among other things, failing to provide the services and goods required by the Agreement and failing to comply with Section 12 and other provisions of the Agreement.

**Sixth Affirmative Defense**

6. Defendant states that Plaintiff's claims are barred, in whole or part, because of Plaintiff's (or its purported assignors or predecessors in interest) prior breaches and failure to perform under the parties' Agreement such that Defendant is entitled to its costs and attorneys' fees related to this lawsuit and pursuant to the Agreement.

**Seventh Affirmative Defense**

7. To the extent Plaintiff claims to own the rights asserted in this action by reason of an assignment from the entity that executed the Agreement, that assignment was invalid and of no effect, because the Agreement prohibited any such assignment absent consent of Defendant. Defendant has never consented to any such assignment and, as a result of Plaintiff's (or its purported assignor's or predecessor's in interest) failure and refusal to secure consent, Defendant was substantially prejudiced.

**Eighth Affirmative Defense**

8. To the extent Plaintiff claims to own the rights asserted in this action by reason of an assignment from any entity including the entity that executed the Agreement, that assignment was invalid and of no effect because Plaintiff failed to provide any effective or proper notice of the purported assignment or other acquisition of rights.

**Ninth Affirmative Defense**

9. Plaintiff's claim is barred because as a purported assignee, Plaintiff takes its claim subject to all claims and defenses Defendant has against Genicon.

**Tenth Affirmative Defense**

10. Defendant states that Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

**Eleventh Affirmative Defense**

11. Defendant states that Plaintiff's claims are barred, in whole or in part, by the bad faith conduct of Plaintiff.

**Twelfth Affirmative Defense**

12. Defendant states that Plaintiff's claim for attorneys' fees is barred by its and Genicon's materials breaches of the Agreement and its and Genicon's failure to satisfy conditions precedent.

**Thirteenth Affirmative Defense**

13. Defendant gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves the right to amend this Answer to assert those defenses.

**Request for Attorneys' Fees and Costs**

Pursuant to Section 12.7 of the Exclusive Distributorship Agreement, Defendant is entitled to its reasonable attorneys' fees and costs. Defendant retained the law firm of Mark Migdal & Hayden and agreed to pay fees for its services.

WHEREFORE, having answered the Complaint and having asserted the foregoing affirmative defenses, Defendant Progressive Medical, Inc. respectfully requests that the Court dismiss this action and award Defendant Progressive Medical, Inc. its reasonable attorneys' fees and costs and any other relief the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on all issues raised in the Complaint to the extent permitted under the applicable law.

Dated: May 12, 2021

Respectfully submitted,

By: s/ *Maia Aron*
Josh Migdal, Esq. (Florida Bar No. 19136)
Maia Aron (Florida Bar No. 17188)
MARK MIGDAL & HAYDEN
Brickell City Tower
80 SW 8th Street, Suite 1999
Miami, FL 33130
Tel: (305) 374-0440
Email: josh@markmigdal.com
Email: maia@markmigdal.com

Attorneys for Defendant Progressive Medical, Inc.

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 12th day of May, 2021 a true and correct copy of the foregoing document was filed electronically with the Clerk of Court for the Southern District of Florida using the Court's CM/ECF document filing system and will be served on counsel of record who are registered for CM/ECF service in this matter.

By: *s/ Maia Aron*
Maia Aron, Esq.